### CARRABY vs. CARRABY.

APPEAL from the court of probates of the parish and city of New-Orleans.

A woman
cannot be cu-
ratrix to an
absentee.
MARTIN, J. delivered the opinion of the court.

The appellant complains that his claim to the curatorship of the estate of his nephew, an absentee, was disregarded, and the absentee's sister preferred.

He opposed the appellee's claim on account of her sex, and the only question presented to us, is whether a woman may have the curatorship of an absentee's estate, of whom she is the presumptive heir.

The Code, article 50, requires that, in the appointment of the curator of an absentee's estate,—the wife be preferred to the presumptive heir—he to other relations—they to creditors, and these to strangers. Provided however, that such a person be possessed of the

necessary qualifications; *ayent les qualites*
*requises.*

The qualifications, or *qualites*, spoken of in the proviso we take to be, the masculine sex and the age of majority; we can hardly think of any other.

Women cannot perform any civil function, except those which the law especially declares them capable of exercising, *id.* **25.**

They may be tutrixes of their minor children or grand children; they may be executrixes; curatrixes of their absent husband's estate.

The exercise of a right or power over the property of another, not conferred by him but by the law, we take to be a civil function·

By the Roman law, *Fœminæ ab omnibus officiis publicis vel civilibus remotæ sunt· L.* 2 *ff. de reg. jur.*

It is true the presumptive heir has an interest in the good management of the estate, and the appellee's counsel has concluded, that as she may manage her estate, she may manage one in which she has an interest. She has no vested right in the estate during the life of the absentee, except the share of the profits which

CARRABY
vs.
CARRABY

the heir may have when sent into posses-sion in the absence of the latter—the curator of the absentee's estate manages an estate not his own.

It is objected that women may be sent into provisional possession of an estate. This is an exception to the general rule, for they exercise a power on an estate not their own, which the owner did not give, but the law confers. But the law presumes the absentee, in some manner, to be dead; his will is to be opened; his instituted, repels the presumptive heir, if not a forced one. The heir sent in possession has a *vested* interest in a part of the profits at first, which gradually increases, and finally absorbs them all. The civil Code requires the curator of the estate of an absentee to possess, besides the qualifications which entitle him to a preference, those which enable him to exercise the office.

A doubt has been suggested as to the jurisdiction of this court, the estate being of the value of $1500 and the profits or interest of the parties, the commission, are below $300. But we have deemed it our duty to respect the legislative construction of the constitution, in the 876 article of the Code of Practice.

Eastern Dist.
*Feb'ry* 1829.

CARRABY
*vs.*
CARRABY

It is therefore ordered, adjudged, and decreed that the judgment of the court of probates be annulled, avoided, and reversed, and that Etienne Carraby be appointed curator of Leufroy Carraby, the absentee; the appellee paying costs in both courts.

*D. Seghers* for plaintiff—*H. R. Denis* for the defendant.